UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------x
JOSE E. TORRES,

                Plaintiff,

    -against-                        MEMORANDUM & ORDER
                                           10-CV-0803(JS)(AKT)
OFFICER ERIC DENNIS, Shield # 5600,

                Defendant.
----------------------------------x
APPEARANCES
For Plaintiff:    Jose E. Torres, pro se
                   49 Brooklyn Avenue
                   Wyandanch, NY 11798

For Defendant:    Brian C. Mitchell, Esq.
                   Suffolk County Attorney's Office
                   100 Veterans Memorial Highway
                   P.O. Box 6100
                   Hauppauge, NY 11788

SEYBERT, District Judge:

        Currently pending before the Court is a motion for summary judgment by Defendant Police Officer Eric Denis s/h/a Officer Eric Dennis, Shield #5600 ("Defendant"). For the following reasons, this motion is GRANTED.

BACKGROUND[1]

        Pro se Plaintiff Jose E. Torres commenced this action on February 22, 2010 against Defendant asserting claims under 42

---

[1] The following facts are drawn from the parties' Local Civil Rule 56.1 Statements ("56.1 Stmt.") and their evidence in support. Any factual disputes are noted.

U.S.C. § 1983 for false arrest and excessive force, and under New York State common law for assault and battery.[2]

On November 7, 2009, Defendant and Suffolk County Police Officer Michael Gorey ("Gorey") responded to a domestic dispute call at 28 South 34th Street, Wyandanch, New York. (56.1 Stmt. ¶ 1; 56.1 Counterstmt ¶ 1.) While there, Defendant and Gorey went to Plaintiff's bedroom to speak with him. (56.1 Stmt. ¶ 2; 56.1 Counterstmt. ¶ 2.) According to Defendant, Plaintiff slammed the door, striking Defendant on the right foot, right arm, and right side of his face. (56.1 Stmt. ¶ 3.) Plaintiff then shoved, pushed, and kicked Defendant. (56.1 Stmt. ¶ 4.) Plaintiff disputes ever having slammed the door or otherwise shoving, pushing, or kicking Defendant. (56.1 Counterstmt. ¶¶ 3-4).

Defendant and Gorey subsequently entered Plaintiff's room and attempted to place him under arrest. (56.1 Stmt. ¶ 5.) A struggle ensued during which Defendant claims that Plaintiff flailed his legs and kicked his feet and attempted to reach between the bed and wall. (56.1 Stmt. ¶¶ 6-7.) Again,

---

[2] Although the Complaint seeks relief on various grounds, the Court reads the Complaint to assert only the aforementioned claims, as there are no factual allegations to support Plaintiff's additional claims for defamation, destruction of property, and harassment. Furthermore, Plaintiff's 56.1 Counterstatement acknowledges that he filed his Complaint against Defendant for "false arrest and excessive force and pain and suffering." (56.1 Counterstmt. ¶ 11.)

Plaintiff denies these claims. (56.1 Counterstmt. ¶¶ 6-7.) Defendant struck Plaintiff on his right hand with a flashlight and the struggle continued until the officers placed Plaintiff under arrest. (56.1 Stmt. ¶¶ 8-9.) Plaintiff recounts that Defendant struck the right side of his head with a flashlight and punched Plaintiff. (56.1 Counterstmt. ¶ 8[3].)

As a result of these events, Plaintiff was charged with one count of Harassment in the Second Degree and one count of Resisting Arrest. (56.1 Stmt. ¶ 10; 56.1 Counterstmt. ¶ 10.) On June 24, 2011, a jury convicted Plaintiff of both charges. (56.1 Stmt. ¶ 12 & Ex. H.) Plaintiff is currently appealing his convictions. (56.1 Counterstmt. ¶ 15.)

## DISCUSSION

Defendant argues that Plaintiff's conviction for Harassment and Resisting Arrest bars his false arrest claim. Defendant likewise maintains that Plaintiff is precluded from bringing his excessive force claim. Finally, Defendant argues that he is entitled to qualified immunity. The Court will first address the relevant legal standard on a motion for summary judgment before turning to Defendant's arguments more specifically.

---

[3] Plaintiff's 56.1 Counterstatement also asserts that he suffered a dislocated shoulder. The Complaint, however, lists as his only injuries those to his head and ear. (Compl. ¶ IV.A.)

3

I. <u>Summary Judgment Standard</u>

Summary judgment is only appropriate where the moving party can demonstrate that there is "no genuine dispute as to any material fact" and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). In considering this question, the Court considers "the pleadings, depositions, answers to interrogatories and admissions on file, together with any other firsthand information including but not limited to affidavits." <u>Nnebe v. Daus</u>, 644 F.3d 147, 156 (2d Cir. 2011) (internal citation omitted); <u>see</u> <u>also</u> FED. R. CIV. P. 56(c). "In assessing the record to determine whether there is a genuine issue to be tried . . . the court is required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." <u>McLee v. Chrysler Corp.</u>, 109 F.3d 130, 134 (2d Cir. 1997). The burden of proving that there is no genuine issue of material fact rests with the moving party. <u>Gallo v. Prudential Residential Servs., L.P.</u>, 22 F.3d 1219, 1223 (2d Cir. 1994) (citing <u>Heyman v. Com. & Indus. Ins. Co.</u>, 524 F.2d 1317, 1320 (2d Cir. 1975)). Once that burden is met, the non-moving party must "come forward with specific facts," <u>LaBounty v. Coughlin</u>, 137 F.3d 68, 73 (2d Cir. 1998), to demonstrate that "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," <u>Anderson v. Liberty Lobby</u>, 477 U.S.

242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202, 218 (1986). "Mere conclusory allegations or denials will not suffice." Williams v. Smith, 781 F.2d 319, 323 (2d Cir. 1986). And "unsupported allegations do not create a material issue of fact." Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000), superseded by statute on other grounds as stated in Ochei v. Coler/Goldwater Mem'l Hosp., 450 F. Supp. 2d 275, 282 (S.D.N.Y. 2006).

II. False Arrest

Defendant asserts that Plaintiff's conviction for Harassment and Resisting Arrest bars his Section 1983 claim for false arrest. The Court agrees.

"A claim for false arrest must be dismissed if the defendant had probable cause to arrest the plaintiff." Barmapov v. Barry, No. 09-CV-3390, 2011 WL 32371, at *4 (E.D.N.Y. Jan. 5, 2011); accord Jaegly v. Couch, 439 F.3d 149, 152 (2d Cir. 2006) ("Under New York law, the existence of probable cause is an absolute defense to a false arrest claim."). In addition, "a conviction of the plaintiff following the arrest is viewed as establishing the existence of probable cause." Cameron v. Fogerty, 806 F.2d 380, 387 (2d Cir. 1986). Plaintiff here was convicted of Harassment in the Second Degree and Resisting Arrest. (56.1 Stmt. Ex. H.). Without more, this is conclusive proof that there was probable cause to make the arrest.

5

Accordingly, Plaintiff's false arrest claim is DISMISSED WITHOUT PREJUDICE subject to reinstatement if Plaintiff's conviction is overturned.

III. Excessive Force

Defendant further argues that Plaintiff's convictions preclude his claim for excessive force. Defendant asserts that the issue of force was raised and litigated during Plaintiff's criminal trial, and therefore collateral estoppel precludes Plaintiff from re-litigating the issue again. Even if collateral estoppel does not bar the claim specifically, Defendant argues, Plaintiff is estopped from denying he used force against Defendant. As a result, there remains no triable issue of fact and Defendant's use of force was reasonable as a matter of law. Finally, Defendant maintains that he is entitled to qualified immunity in any event. The Court will first address the general framework for addressing Section 1983 excessive force claims and qualified immunity for such claims before turning to Defendant's specific contentions.

A. General Framework

"A claim that excessive force was used in the course of a seizure is subject to an objective test of reasonableness under the totality of the circumstances, which requires consideration of the specific facts in each case . . . ." Sullivan v. Gagnier, 225 F.3d 161, 165 (2d Cir. 2000). Such

considerations include "the severity of the crime at issue, whether the suspect posed an immediate threat to the safety of others and whether he is actively resisting arrest." Id. In looking at these factors, "[t]he 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Graham v. Connor, 490 U.S. 386, 396, 109 S. Ct. 1865, 1872, 104 L. Ed. 2d 443 (1989), overruled on other grounds by Saucier v. Katz, 533 U.S. 194, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001). Ultimately, then, summary judgment is appropriate where "no rational jury could [find] that the force used was so excessive that no reasonable officer would have made the same choice." Lennon v. Miller, 66 F.3d 416, 426 (2d Cir. 1995).

Similarly, an officer is entitled to qualified immunity if it was objectively reasonable for him to believe that his actions were lawful at the time of the act. See id. at 420; Diggs v. N.Y. Police Dep't, No. 04-CV-1849, 2005 WL 3533158, at *4 (E.D.N.Y. Dec. 22, 2005).

B. Preclusion of Plaintiff's Excessive Force Claim

Defendant asserts that, because the relevant issues were fully litigated and necessarily decided in Plaintiff's criminal case, collateral estoppel now bars Plaintiff's Section 1983 claim for excessive force. "Collateral estoppel, or issue

7

preclusion, precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party . . . ." Sullivan, 225 F.3d at 166 (internal quotation marks and citation omitted). The doctrine applies where the following four criteria have been met:

> (1) the issues . . . [are] identical, (2) the issue [was] actually litigated and actually decided in the prior proceeding; (3) there [was] a full and fair opportunity to litigate the issue . . . ; and (4) the resolution of the issue [was] necessary to support a valid and final judgment on the merits.

United States v. U.S. Currency in Amount of $119,984.00, More or Less, 304 F.3d 165, 172 (2d Cir. 2002).

With respect to an excessive force claim, a plaintiff's prior conviction for resisting arrest does not necessarily preclude a claim for excessive force. Sullivan, 255 F.3d at 165-66 ("The fact that a person whom a police officer attempts to arrest resists, threatens, or assaults the officer no doubt justifies the offer's use of some degree of force, but it does not give the officer license to use force without limit." (emphasis in original)). Rather, collateral estoppel applies only where the "facts actually determined in his criminal conviction that were necessary to the judgment of

8

conviction are incompatible with the claim of excessive force being raised in the subsequent civil suit." Id. at 166.

Here, in convicting Plaintiff of Harassment and Resisting Arrest, Plaintiff's conduct, not that of Defendant, was at issue. See Diggs, 2005 WL 3533158, at *3. Thus, the amount of force that Defendant used was not necessarily litigated and decided in the criminal trial. Furthermore, it is possible that even though Plaintiff resisted arrest, Defendant's response thereto was unreasonable. Id. at *3 ("It is conceivable under the objective standard, however unlikely under these facts, that a police officer's response to an attempt on his life could be unreasonable"). Therefore, Defendant's motion for summary judgment on Plaintiff's excessive force claim on the basis of collateral estoppel is DENIED.

C. Preclusion of Specific Issues

Defendant further argues that, even if collateral estoppel does not preclude Plaintiff's excessive force claim as a whole, Plaintiff is estopped from denying he used force against Defendant. The Court agrees.

Although Defendant's conduct was not at issue in the criminal trial, it is clear that Plaintiff's conduct was fully litigated and decided. Plaintiff, Defendant, and Gorey all testified at the criminal trial regarding the events of November 7, 2009 and the apparent struggle that ensued. For example,

9

Defendant and Gorey testified that Plaintiff pushed, kicked, and shoved Defendant and that Plaintiff struck Defendant with the bedroom door. (Def.'s Trial Tr., 56.1 Stmt. Ex. B, at 13, 19-20, 22; Gorey's Trial Tr., 56.1 Stmt. Ex. C at 11-12, 14, 16-18.) Defendant also testified that he observed Plaintiff reach between the bed and the wall during the struggle. (Def.'s Trial Tr. at 24.) Plaintiff testified that he never took any such action and that he did not move at all. (Pl.'s Trial Tr., 56.1 Stmt. Ex. D, 6/21/11 Tr. at 6, 21; 6/22/11 Tr. at 18, 21, 24-26.)

Furthermore, the state court charged the jury that, in order to find Plaintiff guilty of Harassment in the Second Degree, they must find that Plaintiff "struck, shoved[,] kicked or otherwise subjected [Defendant] to physical contact or attempted or threatened to do the same." (State Jury Charge, 56.1 Stmt. Ex. I.) To find Plaintiff guilty of Resisting Arrest, the state court instructed the jury that they must find that Plaintiff "prevent[ed] or attempt[ed] to prevent a police officer from effecting an authorized arrest of himself." (56.1 Stmt. Ex. I.) Accordingly, Plaintiff is precluded from arguing that he did not resist arrest or that he essentially sat motionless throughout his encounter with Defendant.

The issues, then, are whether Defendant's use of force was objectively reasonable and whether Defendant is entitled to

10

qualified immunity. The Court finds that, even if Defendant's use of force was excessive, qualified immunity applies. Under the facts as presented, it was objectively reasonable for Defendant to believe that his actions were lawful at the time. Plaintiff had been actively resisting arrest and essentially putting up a physical fight with the officers. See Garcia v. Greco, No. 05-CV-9587, 2010 WL 446446, at *7 (S.D.N.Y. Feb. 9, 2010) ("The balancing inquiry for an excessive force claim may . . . take resistance to an arrest into account as a highly probative fact." (internal quotation marks and citation omitted)). In response, and construing the facts in the light most favorable to Plaintiff, Defendant punched Plaintiff and hit him with a flashlight. Certainly there is no question that Plaintiff's actions merited some force. See McMillan v. City of N.Y., No. 10-CV-2296, 2011 WL 6129627, at *10 (S.D.N.Y. Dec. 9, 2011) (Where plaintiff "continued to flail her arms and kick her legs, . . . a reasonable officer would have concluded that some degree of force was necessary to subdue [her] and place her under arrest."). In addition, Defendant believed that he saw Plaintiff reach between the bed and the wall, potentially in an attempt to obtain a weapon. See Mesa v. City of N.Y., No. 09-CV-10464, 2013 WL 31002, at *7 (S.D.N.Y. Jan. 3, 2013) ("[A] movant's fact narrative, though not dispositive, remains relevant to the qualified immunity inquiry at the summary

11

judgment stage."). Although Plaintiff denies ever having reached between the bed and the wall, Defendant perceived a threat and took action. See id. at *19 ("It makes no difference that Mesa did not, in actuality, hit Dolan, so long as it was reasonable for the officers . . . to perceive that some sort of forcible contact had occurred between the two."). Given these circumstances, officers of reasonable competence could disagree on the legality of Defendant's actions. See Tracy v. Freshwater, 623 F.3d 90, 97 (2d Cir. 2010) (where plaintiff claimed to have slipped on ice, but officer observed a quick and sudden movement, officer's decision to strike plaintiff with a flashlight was reasonable); see also Lennon, 66 F.3d at 420 (qualified immunity appropriate where reasonable officers would disagree as to legality of conduct). Accordingly, Defendant is entitled to qualified immunity, and his motion for summary judgment dismissing Plaintiff's excessive force claim is GRANTED.[4]

---

[4] To the extent that the Complaint can be read to assert a claim for assault and battery under New York State law, this claim fails for the same reasons as Plaintiff's Section 1983 excessive force claim. See Glowczenski v. Taser Int'l, Inc., --- F. Supp. 2d ----, 2013 WL 802912, at *19 (E.D.N.Y. Mar. 5, 2013) (holding that state claims for assault and battery are subject to the same standard of review as Fourth Amendment excessive force claims and that New York's good faith immunity doctrine parallels qualified immunity in excessive force cases); see also Mesa, 2013 WL 31002, at *27 (where qualified immunity applied to excessive force claim, assault and battery claim "must fail as well."

CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is GRANTED. Plaintiff's claims are DISMISSED WITH PREJUDICE, except for the false arrest claim, which is DISMISSED WITHOUT PREJUDICE. Accordingly, the Clerk of the Court is directed to mark this case as CLOSED.

Counsel for Defendant is ORDERED to serve a copy of this Memorandum and Order on the pro se Plaintiff and file proof of service via ECF within seven (7) days of the date of this Memorandum and Order.

SO ORDERED

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Date: June 13, 2013
　　　 Central Islip, New York